MARGARET DUFFY, *et al. vs.* THOMAS MCHALE, Admr.

DECEMBER 17, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Guardian and Ward.   Joint Accounts.*

A guardian was appointed of two orphan wards who had no other brothers or sisters.   He rendered several joint accounts, treating each item of receipt or disbursement as the same for each ward, and the balances as equally in favor of or against each of them.   One of the wards deceased and no administration was taken out on her estate, but the last of the joint accounts rendered after her death included as disbursements all the debts arising from her last sickness and stated a balance due the guardian.

*Held,* that without approving this method of accounting, yet as during the period covered by the final account the estates of the wards consisted entirely of real estate and the rents derived therefrom, of which they were tenants in common, and as the deceased ward left the other as her sole heir at law, he took her interest in any event subject to the payment of her debts and funeral expenses.

*(2)   Decrees of Probate Courts.   Guardian and Ward.   Judgments.*

The decree of a probate court approving the account of a guardian, is an *ex parte* proceeding and may be reopened on the ground of fraud, or manifest or gross mistake.   While it furnishes *prima facie* evidence of the correctness of the account, it does not constitute a judgment in favor of the guardian against the ward.

*(3)   Guardian and Ward.   Accounts.   Statute of Limitations.*

As a guardian is prohibited from suing the ward during the continuance of such relationship, no right of action can accrue to the guardian against the ward, upon the allowance of an account showing a balance in favor of the guardian, and therefore the statute of limitations cannot begin to run until such time as the guardian is capable of bringing suit.

*(4)   Guardian and Ward.   Accounts.*

Where a ward deceased and the former guardian was appointed administrator, any advances made by the guardian would be a valid claim against the estate, provided they were proper, and where the guardian in good faith rendered a series of accounts in which he showed the annual condition of the estate, with varying amounts either due him or the estate, but did not carry forward the balance from year to year, into the subsequent account; as the court can, from the inspection of the entire series, find the true final balance, it will not require the guardian to render a corrected final account as guardian in the probate court, but will allow such balance as a valid claim against the estate.

PROBATE APPEAL. Heard on exceptions of appellants and overruled.

SWEETLAND, J. This is an appeal from the allowance by the Probate Court of Central Falls of the final account of the appellee, Thomas J. McHale, as administrator of James McHale.

In 1891 the appellee was appointed and qualified as guardian of his nephew and niece, James McHale and Margaret McHale, minors. These wards were brother and sister, orphans, and had no other brothers or sisters. The said Margaret died in September, 1897, and the said James in 1905. No administration was taken on Margaret's estate. The appellee as guardian of the said minors rendered four joint accounts relative to their estates in his hands and the same were allowed by the Probate Court of Central Falls. These joint accounts treated every item of receipt and disbursement as the same for each ward and the balances as equally in favor of or against each of them. The fourth and last of these joint accounts, rendered just after the death of said Margaret, included as disbursements all the debts arising from the last sickness, funeral and burial of said Margaret; and in said account a balance due the guardian of $783.45 was declared and the said account was allowed by said probate court on December 22nd, 1897. Without approving this method of joint accounting, the court finds that during the period covered by said fourth joint account the estates of the two wards consisted exclusively of real estate of which they were tenants in common, and the rents derived therefrom in which each of the two wards had an equal interest; and that the said James was the sole heir of said Margaret and took her interest in said real estate subject to the payment of her debts and funeral expenses. Furthermore, the appellants have filed in the papers of this case a written withdrawal of their objection to the charging of said balance of $783.45 due under said fourth account entirely against the estate of said James, which objection

they formerly made on the ground that it was a joint debt and should be charged one-half against the estate of said Margaret and one-half against the estate of said James. Said appellants however still urge upon other grounds their objection to the allowance of said balance as part of a claim in the administrator's account now under consideration. After said fourth joint account the appellee as guardian of said James rendered six accounts to said probate court, in none of which does he carry forward or charge said balance of $783.45. The seventh of the accounts of the appellee as the guardian of said James, being the third after said joint accounts, was allowed by said probate court on December 10th, 1902, and showed a balance of $19.19 due to said guardian. This balance also was not carried forward and charged in the subsequent accounts. The last account of the appellee as guardian rendered after the death of said James and allowed by said probate court showed a balance of $127.91 in the hands of said guardian. The appellee was appointed administrator of the estate of said James and duly qualified. In his final account, as such administrator, now under consideration, the appellee has allowed as a debt against the estate, and states that "he has paid out," his claim "for balance due him on guardian's accounting $674.73." This item alone of the account is disputed by the appellants. It is made up by adding together the balances of $783.45 and $19.19 due to the guardian upon the two accounts referred to and deducting from that sum the balance of $127.91 found in his hands upon his last guardian's account. The appellee's final account as administrator, including said item, was allowed by said probate court and upon appeal it was allowed by the decision of the presiding justice of the Superior Court sitting without a jury. The matter is before us upon exception to said decision of the Superior Court.

In support of this exception the appellants urge that the claim of the appellee based upon said balances of $783.45 and $19.19 should not be allowed, because a right of action as to

each of these balances accrued to the appellee at the time of the allowance of the account in which the balance is found; and therefore the claim is barred by the statute of limitations. Whatever may be said as to the balance of $783.45 this objection of the appellants has no application to the balance of $19.19 as that was allowed by the probate court on November 29th, 1902; the said James McHale died in 1905; the appellee was appointed administrator upon the estate of said James, May 24th, 1905; and as far as appears at once allowed said claim against the estate.    To the contention of the appellants the appellee has replied that the decrees of the probate court allowing the accounts showing said balances have the force of judgments; and that the claim accruing upon each decree would not be barred by the statute of limitations until twenty years after the entry of said decree.

(2) We do not regard the decrees of a probate court approving the annual accounts rendered by a guardian during the course of the guardianship as final and conclusive upon the ward.    These partial, periodical, accounts, although notices of their pendency were given by publication in a public newspaper, and although they were allowed by the probate court, are, in effect, by reason of the disability of the ward, *ex parte* proceedings; and they may be reopened on the ground of fraud or manifest or gross mistake.    Such decrees furnish *prima facie* evidence of the correctness of the accounts approved; but they do not constitute judgments in favor of the guardian against the ward.    There is however an ample and conclusive answer to the claim and argument of the appellants.    The statute of limitations is not applicable to the circumstances of the matter as urged by the appellants.

(3) The statute does not begin to run until there is a claimant capable of suing, and a person capable of being sued.    The position of suitor and defendant is inconsistent with the relation existing between guardian and ward, which relation calls for the exercise, on the part of the guardian, of oversight, control, and defence of the ward's person and estate. We know of no authority to the contrary, and it is in accord

with reason that the law will not permit the guardian to sue his ward while that relationship continues.   Hence no right of action against his ward can be said to have accrued to this appellee at the time when either of said accounts, showing a balance in favor of the appellee, was allowed by the probate court.   In the lifetime of the said James McHale the statute did not begin to run against any claim which the appellee had for advances made for the benefit of said James during the guardianship.   Any such advances would create a valid claim against the estate of said James after his death, provided such advances were ones proper to be made by the guardian.   The balances in question in favor of the guardian (4) clearly arose by reason of advances made by the guardian to preserve the ward's real estate when the ward's income was insufficient to pay the debts of the ward and to provide for his maintenance.   The action of the probate court in approving such advances was proper.

If the guardian had been of greater experience in such matters, he would have carried forward the balances in his favor into his subsequent accounts; and the amount that he now claims against the estate of his ward, which is the item under consideration, would have appeared as a balance in his favor in his last account rendered as guardian after the death of his ward.

We would not commend the method of accounting adopted by the appellee, but it was employed honestly by him.   From an inspection of the entire series of his accounts, approved by said probate court, we can find without difficulty the exact record of his dealings with his ward's estate and the true final balance of his account.   From the nature of probate proceedings it frequently happens that persons without experience or training in such matters are called upon to act as executors, administrators, or guardians.   They may be the persons most available and notwithstanding their lack of experience they may be the persons most suitable for appointment.   It is the policy of the courts to sustain, if possible, the acts of such executors, administrators or

guardians, when the court finds that their action has been in good faith, and without detriment to the estates and interests entrusted to them, although perhaps such action has been irregular in some particulars. According to the true intent of a final account, the appellee has never rendered his final account as guardian, showing the condition of his account with his ward's estate at the termination of the guardianship. However, it would serve no good purpose, in connection with the matter that is before us now, to require the appellee to go back to the probate court and render his final account as guardian. The question before us can as well be determined from an examination of his annual partial accounts. Such question is, did the appellee make the advances for his ward's benefit which are the basis of his claim and did such advances, if made, remain unpaid at the time of the ward's death? An inspection of all said guardianship accounts approved by the probate court furnishes clear *prima facie* proof of the validity of the appellee's claim. No attempt has been made by the appellants to discredit these accounts. This state of the evidence warranted the finding of the probate court and of the Superior Court that the item under consideration constituted a valid claim against the intestate's estate.

The appellants further object to the decision of the justice of the Superior Court on the ground that the appellee did not file his claim in the probate court within one year after his appointment as administrator. There is no force in this objection. At the time of the appellee's appointment as administrator the statute permitted the presentation of claims against estates of deceased persons to the administrator and did not require such claims to be filed in the probate court. Gen. Laws, 1896, Chapter 215, Section 2.

The appellants' exception is overruled and the case is remitted to the Superior Court for further proceedings in accordance with the decision of the Superior Court.

*Cooney & Cahill,* for appellants.

*Doran & Flanagan,* for appellees.